# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.  CV 12-1758 DDP (SS)          Date:  March 28, 2013

                                                                          Page 1 of 6

Title:  Kenneth Evans v. E. Valenzueal, Warden

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS COURT SHOULD NOT DEEM PETITIONER A VEXATIOUS LITIGANT**

PRESENT:

**HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE**

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                           None Present

**PROCEEDINGS: (IN CHAMBERS)**

       On October 11, 2012, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On February 19, 2013, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be denied as successive and this action dismissed without prejudice. Objections to the Report and Recommendation were due on March 5, 2013.

       This Order places Petitioner on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon Petitioner before he may file any future applications or complaints. The Court notes that Petitioner has filed at least fifteen actions in the Central District of California since 2003, including two habeas actions and thirteen civil rights actions.[1] Attached

---

[1] The Court takes judicial notice of Petitioner's prior filings in this Court. See, e.g., Fed. R. Evid. 201(c); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995) (courts may take judicial notice of matters of public record); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1991) (courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"). In addition to the fifteen aforementioned cases filed since 2003, Petitioner appears to have filed a habeas action in 1992 in C.D. Cal. Case No. 92-4057 RG (SH). However, the Court's docket

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 12-1758 DDP (SS)                                    Date:  March 28, 2013
                                                                                        Page 2 of 6

Title:  Kenneth Evans v. E. Valenzueal, Warden

to this Order is a print out from the Central District of California docket indicating the case name and number of Petitioner's prior and pending actions. Only one of these actions has resulted in a resolution favorable to Petitioner. Moreover, many of them have been dismissed as patently frivolous or malicious, or for failure to state a claim.

Central District of California Local Rule ("L.R.") 83-8 governs vexatious litigants. Local Rule 83-8.3 provides that a vexatious litigant order "shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." See L.R. 83-8.3. This Court finds, as discussed more fully below, that Petitioner has abused the Court's process and is likely to continue such abuse, unless protective measures are taken.

The Ninth Circuit has identified four factors that a court must consider before issuing a pre-filing order on a finding that someone is a vexatious litigant. See Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1056-8 (9th Cir. 2007). In Molski, the court advised that district courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances." 500 F.3d at 1057. However, the court also observed:

> [F]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants. Thus, [we have] outlined four factors for district courts to examine before entering pre-filing orders. First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile "an adequate record for review." Third, the district court must make substantive findings about the frivolous or harassing nature of the

---

does not indicate the basis for the termination of that action, so the Court will not consider that matter in discussing Petitioner's prior filings. Court records also indicate that Petitioner filed another habeas action in 2012 in C.D. Cal. Case No. 12-9819 DDP (SS). However, the Court determined that the filing in that matter had been erroneously assigned a new case number and consolidated that case with Petitioner's currently pending habeas matter, C.D. Cal. Case No. 12-1758 DDP (SS). Therefore, the Court will not consider Case No. 12-9819 DDP (SS) as a separate action and will not include it in its discussion of Petitioner's prior filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  CV 12-1758 DDP (SS)                    Date: March 28, 2013
                                                  Page 3 of 6

Title:  Kenneth Evans v. E. Valenzueal, Warden

    plaintiff's litigation.  Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

Molski, 500 F.3d at 1057 (internal quotations and citations omitted).  The Court will address these four factors below.

(1)    Notice And Opportunity To Be Heard

    The Court hereby notifies Petitioner that for the reasons set forth in this Order to Show Cause, it is considering issuing an order deeming Petitioner a vexatious litigant.  Petitioner must file a written response to this Order **within fourteen days** of the date of this Order.

(2)    An Adequate Record For Review

    The Court attaches the Court's docket list of cases, by case name and number, to demonstrate the sheer quantity of cases filed by Petitioner since 2003.  Many of these cases were dismissed as frivolous or malicious, or for failure to state a claim.  Some were nonsensical and confusing.  Although it would be too voluminous to attach each and every petition or complaint filed by Petitioner, a review of these cases on the electronic docketing system for the Central District of California reveals that only one matter resulted in a settlement favorable to Petitioner, while none of Petitioner's other actions had any merit whatsoever.[2]

\\
\\
\\

---

    [2] In Petitioner's sole meritorious action, C.D. Cal. Case No. 07-7090 DDP (SSx), Petitioner filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in which he contended that Defendants improperly denied him kosher meals because he was not Jewish, even though the dietary restrictions imposed by his Muslim faith could be satisfied by a kosher diet. (Dkt. No. 186).  The District Judge referred the matter to the Court's Prisoner Settlement Program, (Dkt. No. 207), and the parties reached a settlement agreement in which Defendants agreed to pay Petitioner an undisclosed sum. (Dkt. Nos. 208, 210).  However, Petitioner currently claims that Defendants have not honored the terms of the settlement because they have purportedly paid less than the full amount due. (See Dkt. Nos. 212-13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.  CV 12-1758 DDP (SS)  Date:  March 28, 2013
Page 4 of 6

Title:  Kenneth Evans v. E. Valenzueal, Warden

(3)  Substantive Findings About The Frivolous Or Harassing Nature Of Petitioner's Litigation

As noted above, given the quantity of filings by Petitioner, it is not practical to review each and every action to evaluate the frivolous or malicious nature of Petitioner's litigation. However, a sampling of typical cases filed by Petitioner is offered below. Although some of Petitioner's complaints were dismissed for procedural flaws (i.e., failing to submit his prison trust account statement while he was incarcerated), the Court finds that many of Petitioner's civil actions in the Central District can be fairly characterized as frivolous, malicious, or failing to state a claim:

Kenneth Evans v. Officer Rhine, et al., Case No. CV 03-4538 DDP (SS). Action dismissed without prejudice as to two defendants for failure to state a claim under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), because success on Petitioner's claims would undermine the validity of his conviction, and with prejudice as to the third defendant on the ground of judicial immunity.

Kenneth Evans v. Nancy C. Brown, et al., Case No. CV 04-2491 UA (SS). Petitioner denied IFP status because complaint was found to be legally and factually patently frivolous and no amendment could cure the defects of the complaint. Plaintiff attempted to sue state actors immune from suit pursuant to the Eleventh Amendment and non-state actors under 42 U.S.C. § 1983.

Kenneth Evans v. Randy Dickenson, et al., Case No. CV 04-7806 UA (SS). Petitioner denied IFP status because Petitioner's claims were barred by Heck v. Humphrey and he attempted to sue non-state actors under 42 U.S.C. § 1983.

Kenneth Evans v. Lieutenant Evans, et al., Case No. CV 05-5044 DDP (SS). Action dismissed with prejudice because Petitioner's allegations failed to state an injury as a matter of law and the complaint could not be amended without contradicting the allegations of the current complaint.

Kenneth Evans v. Dept. of Corrections & Rehabilitation, et al., Case No. CV 10-6919 UA (SS). Petitioner denied IFP status because complaint was found to be legally and factually patently frivolous and no amendment could cure the defects of the complaint. Plaintiff failed to state a constitutional violation and attempted to sue defendants immune from suit pursuant to the Eleventh

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No.  CV 12-1758 DDP (SS) | Date:  March 28, 2013 |
| | Page 5 of 6 |

Title:  Kenneth Evans v. E. Valenzueal, Warden

Amendment.  The Court specifically notified Petitioner that this denial may constitute a strike under 28 U.S.C. § 1915(g).

Kenneth Evans v. Doctor Luk, et al., Case No. CV 10-7053 UA (SS).  Petitioner denied IFP status because complaint was found to be legally and factually patently frivolous.  All of Petitioner's claims were barred by Heck v. Humphrey, and certain defendants sued were not state actors for purposes of suit under 42 U.S.C. § 1983.  The Court specifically notified Petitioner that this denial may constitute a strike under 28 U.S.C. § 1915(g).

Kenneth Evans v. Access Securepak Co., et al., Case No. CV 12-9472 UA (SS).  Petitioner denied IFP status because complaint was found to be legally and factually patently frivolous.  Plaintiff attempted to sue non-state actors under 42 U.S.C. § 1983.[3]

As is demonstrated by this sampling of Petitioner's cases, nearly all of Plaintiff's complaints were frivolous, malicious, or failed to state a claim.  The Court further notes that in several instances, Petitioner voluntarily dismissed actions only after the Court had issued orders dismissing the complaints with leave to amend based on grounds that had previously been explained to Petitioner in prior actions.  See Case No. 06-5079 DDP (SS); Case No. 06-7993 DDP (SS) ; Case No. CV 07-2316 DDP (SS).

(4)    A Narrowly Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit.  In re Oliver, 682 F. 2d 443, 445 (3rd Cir. 1982).  As Petitioner's litigation history shows, he is more than merely a prolific litigant.  Instead, Petitioner has demonstrated a pattern of filing frivolous or malicious lawsuits against a variety of defendants.  DeLong v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).  Thus, an order preventing Petitioner from filing any future complaints against any defendant, without court permission, appears to be appropriate in this situation.

---

[3]  More than two months after the Court denied Petitioner's IFP Application and Case No. CV 12-9472 UA (SS) was closed, Petitioner filed a "Motion Requesting the Withdrawal of this Civil Complaint." (Dkt. No. 3).  However, Petitioner's Motion was moot as no complaint had been filed and the matter had already been closed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  CV 12-1758 DDP (SS)				Date:  March 28, 2013
								Page 6 of 6

Title:  Kenneth Evans v. E. Valenzueal, Warden

     If Petitioner is found to be a vexatious litigant, this Court will recommend an order that the Clerk of this Court shall not accept for filing any further IFP application or complaint by Petitioner Kenneth Evans without first obtaining leave from a Judge of this Court.  Should a vexatious litigant order issue, if Petitioner wants to file any future action in this Court, he must first file a motion for leave to file a complaint.  Petitioner must submit a copy of the Order Deeming Petitioner a Vexatious Litigant and a copy of the proposed complaint with any such motion.  If the Court does not grant Petitioner written permission to file a complaint within thirty (30) days of the date of his motion, permission will be deemed denied.

     For the foregoing reasons, the Court ORDERS Petitioner to file a response to this Order to Show Cause **within fourteen (14) days of the date of this Order** specifically stating why this Court should not deem Petitioner a vexatious litigant.

     The Clerk of the Court is directed to serve a copy of this Order upon Petitioner at his current address of record.

     IT IS SO ORDERED.

MINUTES FORM 11
CIVIL-GEN								Initials of Deputy Clerk   mr